MaRtin, J.
delivered the opinion of the court. The petition charges that the defendant, agent of the plaintiff, received a sum of money from a commercial house, the plaintiff’s 1 7 and released a mortgage which the latter had given therefor — that, in the release, the mort- . „ gage was erroneously referred to, as bearing *566 date of June 2nd, 1811, while, in fact, its date is of May 21th, 1810.
The defendant pleaded the general issue.
At the trial, the plaintiff offered in evidence a release given by the defendant, which referred to a mortgage bearing date of June 2nd, 1811. The defendant objected to its being read, “on the ground, that it did not correspond with the allegations in the petitionwhich objection was sustained by the court; and there being a 'judgment of nonsuit the plaintiff appealed.
It appears to us, that the district court erred ; that the release corresponded with the allegations in the petition : it proved rent ipsam, viz. that the defendant acknowledged that a debt due to the plaintiff was paid, and released the mortgage, by which it was secured. After the reading of this release, the defendant might contend (with what success, we do not undertake to say) that the debt released and that claimed are not the same — that the alledged error ought to be proven, and could not be so by testimonial proof. We are not enabled to say, that written proof was impossible to be produced.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the *567 cause be remanded, with directions to the district judge to admit the release in evidence, if duly proven : and it is ordered that the costs in _ ⅝ this court be paid by the defendant and appellee.
Livermore for the plaintiff, Livingston for the defendant.